# In the United States Court of Federal Claims

No. 23-1598

(Filed: November 20, 2024)

```
*****************************************
KATHLYN STEIN,                          *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
*****************************************
```

*Kathlyn M. Stein*, Shutesbury, MA, *pro se*.

*Tate N. Walker*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

    *Pro se* plaintiff, Kathlyn Stein, alleges that the Department of Veterans Affairs ("VA") engaged in sex discrimination by paying her at a lower wage rate than her male counterparts in violation of the Equal Pay Act ("EPA"). Ms. Stein also alleges that the VA violated 38 U.S.C. § 7451 by failing to conduct surveys of competitive labor-market area pay and adjusting her pay accordingly. Before the Court is the government's motion to dismiss Ms. Stein's complaint for lack of subject-matter jurisdiction under 28 U.S.C. § 1500. For the reasons below, the Court finds that Section 1500 deprives this Court of jurisdiction to hear Ms. Stein's EPA claim. However, the Court does not rule on her Section 7451 claim. Accordingly, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the government's motion to dismiss.

## I. BACKGROUND

    Ms. Stein is a female physician assistant who was employed by the VA Central Western Massachusetts Health Care System ("VACWM") from 2010 to 2021. Pl.'s Am. Transfer Compl. [ECF 102] ¶¶ 1, 4. On December 27, 2018, Ms. Stein filed a complaint in the United States District Court for the District of Massachusetts ("the District Court") against "'Defendant VA Employer', John Collins, the Director of VA[CWM] . . . in his individual and official capacities." Pl.'s Compl. [ECF 1] ¶ 7. Ms. Stein alleged violations of the EPA and the Massachusetts Act to Establish Pay Equity ("MEPA"), *id.* ¶ 1, resulting from "the Defendant's discriminatory conduct on the basis of Ms. Stein's female gender in the payment of wages," *id.* ¶ 25. She sought "to recover over $167,671 in unpaid 2016, 2017 and 2018 wages," *id.* ¶ 1, and "to compel the VA to pay [her] equal wages to men who perform essentially the same job," *id.* ¶ 2.

On August 12, 2019, the government filed a motion to dismiss Ms. Stein's District Court complaint for lack of subject-matter jurisdiction and for failure to state a claim. Def.'s Mot. Dismiss [ECFs 22, 23]. On February 12, 2020, the District Court "dismiss[ed] with prejudice [Ms. Stein's] MEPA claims and dismiss[ed] without prejudice [Ms. Stein's] EPA claim asserted against former Director John Collins in his personal capacity." Dt. Ct. Mem. & Order [ECF 34] at 10.[1] The District Court also found that it lacked subject-matter jurisdiction over Ms. Stein's "EPA claim against Acting Director Andrew McMahon in his official capacity," *id.* at 10, because the claim sought damages over $10,000, which, pursuant to the Tucker Act, denies the District Court jurisdiction, *id.* at 6.[2] Accordingly, the District Court ordered the official-capacity EPA claim to be dismissed or, if timely requested, transferred to the United States Court of Federal Claims. *Id.* at 10.

On September 17, 2020, Ms. Stein appealed the District Court's decision to the United States Court of Appeals for the First Circuit ("the First Circuit"). Pl.'s Appeal [ECF 61]. The First Circuit affirmed the District Court's dismissal decision on June 4, 2021. 1st Cir. Ct. J. [ECF 67] at 1-2. However, following Ms. Stein's petition for rehearing, the First Circuit vacated the District Court's dismissal of the official-capacity EPA claim and remanded the case to the District Court to "determine in the first instance whether there is subject-matter jurisdiction to hear [Ms.] Stein's official-capacity EPA claim." 1st Cir. Ct. J. [ECF 68] at 2. On remand, the District Court again found that it lacked subject-matter jurisdiction over Ms. Stein's official-capacity EPA claim. Dt. Ct. Mem. & Order [ECF 78] at 3. On July 12, 2022, the District Court transferred Ms. Stein's complaint to the United States Court of Federal Claims. Dt. Ct. Order [ECF 80].

On July 20, 2022, Ms. Stein again appealed the District Court's dismissal of her claim and requested a stay of the transfer order. Pl.'s Appeal Mem. [ECF 85] at 1. The First Circuit determined that it lacked jurisdiction to hear the appeal and transferred the appeal to the United States Court of Appeals for the Federal Circuit ("the Federal Circuit") pursuant to 28 U.S.C. § 1631. 1st Cir. Ct. J. [ECF 91] at 1-2. On June 9, 2023, the Federal Circuit affirmed the District Court's dismissal of Ms. Stein's claim for lack of subject-matter jurisdiction and its transfer of her claim to the United States Court of Federal Claims. Fed. Cir. Ct. J. [ECF 93] at 2, 8.

Thereafter, the District Court transferred Ms. Stein's complaint to the United States Court of Federal Claims on September 15, 2023. Transfer Doc. [ECF 96]. Ms. Stein filed an amended transfer complaint on September 22, 2023. [ECF 102]. In response, the government filed a motion to dismiss Ms. Stein's amended complaint on January 22, 2024, arguing that this Court lacks subject-matter jurisdiction over Ms. Stein's complaint pursuant to 28 U.S.C. § 1500. Def.'s Mot. Dismiss [ECF 106]. The motion to dismiss is fully briefed, *see* Pl.'s Response [ECF 108]; Def.'s Reply [ECF 109], and the Court determined that oral argument is not necessary.[3]

---

[1] All page numbers in the parties' briefs refer to the page numbers generated by the CM/ECF system.

[2] The District Court substituted John Collins with Andrew McMahon for the official-capacity claims because Mr. Collins had retired, and Mr. McMahon filled the VACWM Acting Director position. [ECF 34] at 1 n.1.

[3] As of November 15, 2024, Ms. Stein also has an action against the government pending in the United States District Court for the District of Massachusetts, alleging "wage discrimination in violation of Title VII, 42 U.S.C. § 2000e." [ECF 106] at 7 n.2; *Stein v. McDonough*, 3:23-CV-30100 (D. Mass. Oct. 2, 2023).

**II.    LEGAL STANDARDS**

A defendant may file a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") to challenge "a court's general power to adjudicate in specific areas of substantive law." *See Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). Where a defendant moves to dismiss a claim under RCFC 12(b)(1), the plaintiff bears the burden of establishing the court's subject-matter jurisdiction by a preponderance of the evidence. *Stanley v. United States*, 107 Fed. Cl. 94, 97 (2012); *see also Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 775 (Fed. Cir. 2021). When considering a RCFC 12(b)(1) motion to dismiss, the court "must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Tapia v. United States*, 146 Fed. Cl. 114, 126 (2019); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). "The [c]ourt may look to evidence outside of the pleadings in order to ascertain the propriety of its exercise of jurisdiction over a case." *HEALTHeSTATE, LLC v. United States*, 146 Fed. Cl. 681, 684 (2020) (citing *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991)). While "[p]leadings from *pro se* plaintiffs are held to a more lenient standard than pleadings drafted by lawyers," a *pro se* plaintiff must still satisfy the court's jurisdictional requirements. *Thomas v. United States,* 155 Fed. Cl. 772, 775-77 (2021). Despite the lenient standard applied to a *pro se* plaintiff's pleadings, the court's jurisdictional requirements are not construed liberally, and "the court is allowed no discretion to bend the requirements of jurisdiction in [a *pro se* plaintiff's] favor." *Stanley*, 107 Fed. Cl. at 98. If the court determines that it lacks subject-matter jurisdiction over the plaintiff's claim, it must dismiss the action. RCFC 12(h)(3).

Section 1500 of Title 28 of the United States Code has been interpreted as a "jurisdictional bar." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011); *see also Trusted Integration,* 659 F.3d at 1164. It restricts this court's ability to hear a claim if the plaintiff has a related suit against the United States, or any person acting under its authority, pending in any other court. *Otis v. United States*, 168 Fed. Cl. 739, 740 (2024); *see also Tohono*, 563 U.S. at 310-11. Specifically, it provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. Section 1500 mandates dismissal where three requirements are satisfied. *HEALTHeSTATE, LLC*, 146 Fed. Cl. at 686. First, the court must determine that the earlier-filed suit and the suit filed in the Court of Federal Claims have as defendants the United States or a party who acts, or professes to act, directly or indirectly under the authority of the United States. *Id.* Second, the court must determine that the earlier-filed suit is pending in another court. *Otis*, 168 Fed. Cl. at 743; *see also Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013). Third, the court must determine that "the claims asserted in the earlier-filed case are 'for or in

3

respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Otis*, 168 Fed. Cl. at 743 (quoting *Brandt*, 710 F.3d at 1374); *see also Trusted Integration,* 659 F.3d at 1163-64. Where Section 1500's requirements are satisfied, the Court of Federal Claims lacks subject-matter jurisdiction over the claim and must dismiss it. *Brandt*, 710 F.3d at 1374.

## III.   DISCUSSION

In her amended complaint, Ms. Stein identifies the defendant as "the [VACWM] Healthcare System (the 'Agency')" [ECF 102] ¶ 4. Ms. Stein alleges that the Agency "discriminated against her in the payment of wages, from December 2015 – October 2021, on the basis of [her female] sex by paying [her] . . . at a rate less than the rate paid to two male comparators for [substantially] equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, in willful violation of 29 U.S.C[.] § 206(d) [EPA]." *Id.* ¶ 1 (internal quotation marks omitted). Ms. Stein also states that "[t]he Agency persistently acted with . . . reckless disregard for the VA Choice and Quality Employment Act § 212 and VA Handbook 5007/60 Pay Administration." *Id.* ¶ 7. She specifically alleges that the Agency "fail[ed] to conduct surveys of competitive labor-market area pay and adjust the amount of . . . basic pay for grades in covered positions at the facility based upon that survey as required under 38 U.S.[C.] § 7451." *Id.* (internal quotation marks omitted). She seeks "compensatory money damages under the EPA for the government's willful discriminatory underpayment of bi-weekly wages," related entitlements under the Fair Labor Standards Act, and "other and further relief as the Court may deem just and proper." *Id.* ¶¶ 2, 44. The Court construes Ms. Stein's amended complaint liberally because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying a liberal standard, the Court construes Ms. Stein's complaint to raise two claims: an EPA claim under 29 U.S.C. § 206(d) and a claim under 38 U.S.C. § 7451(d)(3)(B). As explained below, the Court finds that it lacks subject-matter jurisdiction over the EPA claim and that, therefore, it must be dismissed. However, the Court does not rule on the Section 7451 claim, which was not addressed in the government's motion to dismiss.

The government argues that this Court lacks jurisdiction over Ms. Stein's EPA claim because the requirements of Section 1500 are satisfied. *See* [ECF 106] at 6. The government states that "the officials named in [Ms. Stein's] initial complaint are alleged to have been acting under the authority of the United States," and that, therefore, Ms. Stein's initial and amended complaints are both against the United States. *Id.* at 19. The government also contends that Ms. Stein's "previous counts regarding official capacity and individual capacity [EPA and MEPA claims] were all filed simultaneously" and that "this simultaneous filing is enough to satisfy [the requirement] that her current EPA claim [be] 'pending.'" *Id.* at 14. Finally, the government argues that her claims arise from the same operative facts because they "relate to the same Government actions, all arising out of her employment with VACWM and the pay disparity she perceived between her and two male coworkers." *Id.* at 19.

Under the first Section 1500 inquiry, "the defendant[ before the earlier filing court and before this court] must be: (1) the United States; (2) a party who acts directly or indirectly under the authority of the United States; or (3) a party who professes to act under the authority of the

4

United States." *HEALTHeSTATE*, 146 Fed. Cl. at 686; *see also Tohono*, 563 U.S. at 312 ("The CFC bar applies even where the other action is not against the Government but instead against a 'person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States'"). Where a claim is against "federal employees in their individual capacity" and "relate[s] to actions that were performed in their capacity as government officials," the federal employee is deemed to be acting under the authority of the United States. *Davis v. United States*, 642 F. App'x. 982, 985 (Fed. Cir. 2016), *aff'g* 123 Fed. Cl. 235 (2015).[4]

Ms. Stein's complaint before this Court and before the District Court both specify that the defendant is the United States or a party acting under the authority of the United States. Ms. Stein's claim before this Court indicates that the defendant is her "U.S. [VA] employer," [ECF 102] at 1-2, which Ms. Stein further identifies as her "'Defendant Employer', the United States," [ECF 108] at 12. The defendant in Ms. Stein's suit before this Court is therefore the United States. With regards to Ms. Stein's non-transferred claims, Ms. Stein's District Court complaint identifies the defendant as "VA Employer, John Collins, the Director of [VACWM] . . . named in his *individual* and *official capacities*" [ECF 1] at 2-3 (internal quotation marks omitted) (emphasis added). Ms. Stein also notes that her claims against Mr. Collins were "because he direct[ed] his employees' work and ha[d] final authority in determining his employees' wages." [ECF 1] at 2-3. Ms. Stein therefore raises claims against Mr. Collins in his individual capacity that relate to actions he performed in his capacity as a government official, *see Davis*, 642 Fed. App'x at 985, and against the position of Mr. Collins in his official capacity as a federal employee in the VACWM Director position, [ECF 1] at 2-3. Consequently, Ms. Stein's non-transferred claims are against defendants acting under the authority of the United States, thereby satisfying Section 1500's first requirement for dismissal.

Under the second Section 1500 inquiry, "whether an earlier-filed 'suit or process' is 'pending[,]' . . . is determined at the time the complaint is filed with the Court of Federal Claims." *Brandt*, 710 F.3d at 1375. When a case is transferred to this Court under 28 U.S.C. § 1631, "the action . . . proceed[s] as if it had been filed in or noticed for [the transferee court] on the date upon which it was actually filed in or noticed for [the transferor court]." 28 U.S.C. § 1631. Therefore, "if a plaintiff files multiple related claims [simultaneously] in district court, and the court transfers one of those claims to the Court of Federal Claims, the original claims are 'pending' at the time the transferred claim is considered filed." *Griffin v. United States*, 590 F.3d 1291, 1293 (Fed. Cir. 2009); *see also Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004).[5]

---

[4] The jurisdictional bar present in Section 1500 was first enacted in 1868 "to curb duplicate lawsuits brought by residents of the Confederacy following the Civil War." *Tohono,* 563 U.S. 307, 310-11 (2011). Specifically, the bar was to prohibit "cotton claimants," individuals seeking compensation for cotton taken by the government, from "su[ing] the United States in the Court of Claims under the Abandoned Property Collection Act, 12 Stat. 820, while at the same time suing federal officials in other courts, seeking relief under tort law for the same alleged actions." *Id.* at 311-12, 315 ("The jurisdictional bar in § 1500 was enacted in part to address the problem that judgments in suits against officers were not preclusive in suits against the United States."). Section 1500 reflects Congress' 1948 reenactment of the same post-Civil War era jurisdictional bar. *Id.* at 312.

[5] The determination of pending status exists regardless of whether the non-transferred claims were dismissed prior to the transferred claim arriving at this Court. *See Def. Distributed & Second Amend. Found. v. United States*, 2024

Ms. Stein's District Court complaint alleged violations of the EPA and MEPA by the "'Defendant VA Employer', John Collins, the Director of VA[CWM] . . . in his individual and official capacities." [ECF 1] ¶ 7. The District Court dismissed the individual-capacity EPA claim and both MEPA claims and transferred the remaining official-capacity EPA claim to this Court. [ECF 34] at 10; [ECF 80]. As a transferred claim, Ms. Stein's EPA claim is considered filed at the same time as her non-transferred claims, and her non-transferred claims are considered "pending" at the time of such filing. *See Griffin*, 590 F.3d at 1293. Thus, Ms. Stein's non-transferred claims are considered to be earlier-filed suits pending in the District Court at the time that her transferred EPA claim is considered filed at this Court. Consequently, Ms. Stein's EPA claim before this Court satisfies Section 1500's second requirement.

Ms. Stein disputes that her claim satisfies Section 1500's second requirement. [ECF 108] at 8. Citing *Avalos v. United States*, 151 Fed. Cl. 380 (2020), Ms. Stein asserts that the MEPA claims in her District Court complaint "were later-filed not earlier-filed" because her EPA claims are in Count I and her MEPA claims are in Count II. *Id.* at 9-10. She further asserts that her individual-capacity EPA claim was "never-filed" because her District Court complaint identified the individual-capacity EPA claim defendant as "Defendant Employer" rather than VACWM Director Collins. *Id.* at 10. Therefore, Ms. Stein contends that her initial complaint failed to assert any individual-capacity claims, and that her only "legally filed claim was her Count I official capacity EPA claim against . . . the United States." *Id.* As a result, Ms. Stein argues that there was no earlier filed suit pending in another court when her EPA claim was transferred to this Court under 28 U.S.C. § 1631. The Court is not persuaded by these arguments. The filing of multiple claims within a single complaint indicates simultaneous filing, and the separation of claims into different counts within the complaint does not indicate different filing times. *Cf. Avalos v. United States*, 151 Fed. Cl. 380, 385-86 (2020) (finding that Section 1500 does not apply where the claims were filed *at different times in different documents* even though filed within the same hour), *rev'd on other grounds*, 54 F.4th 1343 (Fed. Cir. 2022). Furthermore, Ms. Stein's assertion that her individual-capacity EPA claim was "never-filed" due to her failure to specify the defendant as VACWM Director Collins is contradicted by the text of her complaint— the District Court complaint explicitly identifies the defendant as Director Collins "in his *individual* and official capacities." [ECF 1] at 2 (emphasis added). Based on this text, the District Court and the First Circuit viewed the complaint to include an individual-capacity EPA claim. [ECF 67] at 1-2; [ECF 34] at 1, 6-7. The Court agrees with this interpretation of the District Court complaint.

Having determined that Ms. Stein's EPA claim satisfies Section 1500's first and second requirements, the Court turns to the final inquiry—whether Ms. Stein's EPA claim before this Court is "for or in respect to" her claims before the District Court. To make this determination, the Court analyzes whether the claims are "based on substantially the same operative facts, regardless of the relief sought." *Otis*, 168 Fed. Cl. at 743 (quoting *Tohono*, 563 U.S. at 311); *see also Acetris Health, LLC v. United States*, 138 Fed. Cl. 43, 59-60 (2018) (defining operative facts as those that satisfy or help to satisfy an element of a legal claim). Such an analysis "requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Trusted Integration,* 659 F.3d at 1164 (quoting *Keene Corp. v. United States*, 508 U.S.

---

WL 1092509, at *2-3 (Fed. Cl. Mar. 13, 2024) (finding that the transferred claim was barred by Section 1500 where there were seven simultaneously-filed, non-transferred claims that were dismissed by the district court).

200, 210 (1993)). "[T]he legal theories underlying the asserted claims are not relevant to this inquiry." *Id.* The court may find that this Section 1500 requirement is satisfied where a "[c]omparison of [the plaintiff's] district court complaint with her Federal Claims transfer complaint shows that the pleaded facts are mirrored" and where "[plaintiff's] injury for both claims stems from the same single event." *Griffin*, 590 F.3d at 1294.

      A comparison of the District Court complaint and amended transfer complaint reveals that Ms. Stein's EPA claim before this Court is based on substantially the same operative facts as her non-transferred claims before the District Court. As indicated by the First Circuit and reiterated by the government in its motion to dismiss, "[t]he gravamen of the suit is the payment of wages [Ms.] Stein claims were denied to her based on her gender from 2016-18." [ECF 68] at 2. At the District Court, Ms. Stein's EPA claims concerned "Defendant VA Employer's discriminatory conduct against Ms. Stein on the basis of her female gender." [ECF 1] at 5. Likewise, Ms. Stein's EPA claim before this Court concerns "the [VACWM] Agency's discriminatory conduct directed at the Plaintiff because of her female sex." [ECF 102] at 16. Furthermore, both of Ms. Stein's complaints allege wage discrimination by her employer, compare her wage to those of two specific male colleagues as the basis for her claims, and use identical salary statistics. [ECF 1] at 1, 3-4; [ECF 102] at 1, 5-6. Thus, while the time periods specified in the complaints may differ ("2016, 2017 and 2018" as compared to "December 2015 – October 2021"), the operative facts are substantially the same. [ECF 1] at 1; [ECF 102] at 1.[6] Accordingly, the Court finds that Ms. Stein's EPA claim satisfies Section 1500's third requirement.[7]

      The Court also notes that such a conclusion is consistent with the principles of res judicata. The Supreme Court indicated that the Court should consider res judicata, or claim preclusion, principles when conducting a Section 1500 analysis. *Tohono*, 563 U.S. at 315-16. Specifically, "[the Supreme Court] made clear that it is the tests in place at the time the predecessor to § 1500 was enacted by which we must be guided." *Trusted Integration*, 658 F.3d at 1168 n.4. One such test is the evidence test, which analyzes whether "the same evidence [would] support and establish both the present and the former cause of action." *Tohono*, 563 U.S. at 316 (citation omitted); *see also Stowell v. Chamberlain*, 60 N.Y. 272, 276 (1875) ("The question is whether the same evidence will maintain both actions. If the evidence which will

---

[6] Ms. Stein seemingly concedes this point because she does not address it in her response to the government's motion to dismiss. *See* [ECF 108] at 8-10.

[7] To avoid the Section 1500 jurisdictional bar, Ms. Stein alleges that "her agency employer tricked [her] into incorrectly filing her December 27, 2018[,] [EPA] lawsuit in Federal District Court . . . to set her up for future 12(b)(1) dismissal on an array of Tucker Act and Section 1500 jurisdictional grounds." [ECF 108] at 1. She contends that such "affirmative misconduct" on the part of the government "should estop the Government from denying respondent benefits." *Id.* at 2. Ms. Stein also notes that "Section 1500 has long been subject to widespread criticism" as "a trap for the unwary that has outlived its purpose." *Id.* at 3 (citations omitted). Despite these arguments, this Court has no authority to waive the limitations on its subject-matter jurisdiction. *See* RCFC 12(h)(3); *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived . . . ."). Furthermore, this Court has "no authority to create an 'unfairness' exception to the unequivocal language of § 1500." *Harbuck*, 378 F.3d at 1330. "Any change in the scope of or exception to that statute is for Congress, and not this court, to make." *Id.* Consequently, the Court lacks the authority to override Section 1500's mandatory dismissal of Ms. Stein's EPA claim.

sustain the second would have authorized a recovery in the first, under the allegations of the complaint, the first judgment is an absolute bar to the second.") (quoted in *Trusted Integration*, 659 F.3d at 1169-70).

Here, the evidence needed to maintain Ms. Stein's EPA claim is the same as that which would maintain her non-transferred EPA and MEPA claims. Specifically, Ms. Stein would need to demonstrate that employees of different sexes received different wages; that the work performed by male and female employees required comparable skill, effort, and responsibility; and that working conditions for both sexes were similar. *See Moore v. United States*, 66 F.4th 991, 997 (Fed. Cir. 2023) ("To make out a prima facie EPA case, a claimant bears the burden of showing that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.") (internal citation and quotation marks omitted); *Lee v. Howard Hughes Med. Inst.*, 607 F. Supp. 3d 52, 68 (D. Mass. 2022) (To make out a prima facie MEPA case, a claimant must show that an employer provided "disparate compensation [to] individuals of different genders who perform comparable work," that is work with duties that "have important common characteristics" and "entail comparable skill, effort, responsibility, and working conditions.") (internal citations omitted), *appeal dismissed*, No. 22-1540, 2023 WL 4544477 (1st Cir. Feb. 8, 2023). The Court acknowledges that MEPA and EPA claims are not identical, *Mundell v. Acadia Hosp. Corp.*, 92 F.4th 1, 14 n.12 (1st Cir. 2024), and that Ms. Stein's District Court individual-capacity EPA claim may potentially require evidence regarding an individual that her EPA claim before this Court may not require. However, such differences "do[] not render the proof needed to support the causes of action any less similar under the evidence test." *Otis*, 168 Fed. Cl. at 745. Accordingly, Ms. Stein's EPA claim satisfies the evidence test, and the dismissal of her claim under Section 1500 is consistent with the principles of res judicata.[8]

The Court's dismissal of Ms. Stein's EPA claim, however, does not entirely dispose of her complaint because the Court does not rule on her allegation that the VA violated Section 7451. Ms. Stein first raises her Section 7451 claim in her amended complaint, [ECF 102] at 2-3, and neither the government nor Ms. Stein discuss the claim in their respective briefs. The Court treats the government's motion to dismiss as addressing only Ms. Stein's EPA claim. Therefore, the Court reaches no conclusion on the validity of her Section 7451 claim.

---

[8] The alternate test is the act or contract test, which analyzes whether the claims "immediately arise out of one and the same act or contract." *Tohono*, 563 U.S. at 316 (citation omitted). The court need not consider both tests to determine that Section 1500 bars jurisdiction where one test is satisfied. *See Trusted Integration*, 659 F.3d at 1170 n.5. Nevertheless, the Court finds that Ms. Stein's EPA claim would also satisfy the act or contract test because the claim arises out of the same acts or contracts as her non-transferred EPA and MEPA claims. In applying the act or contract test, the Federal Circuit has found that where the conduct pleaded in the two actions are compared and where "the operative facts outlined in … the district court action and the Claims Court action are the same," the act or contract test is satisfied. *Res. Invs. v. United States*, 785 F. 3d 660, 666-68 (2015). Here, the conduct pleaded in Ms. Stein's EPA claim before this Court and her non-transferred claims before the District Court are the same instances of wage discrimination alleged to have occurred during her time at VACWM. *See* [ECF 1] at 5; [ECF 102] at 16. Additionally, as demonstrated in the analysis of Section 1500's third requirement, Ms. Stein's EPA claim is based on substantially the same operative facts as her non-transferred claims. Accordingly, Ms. Stein's EPA claim also satisfies the act or contract test.

8

## IV. CONCLUSION

For the reasons set forth above, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The government's motion is **GRANTED** insofar as the Court lacks subject-matter jurisdiction over Ms. Stein's EPA claim and **DENIED** insofar as the government's motion did not address her Section 7451 claim.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
